STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GWENDOLYN SPURLOCK,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED AUTO CREDIT CORPORATION, ALS RESOLVION, LLC, and ALLSTAR RECOVERY, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 2:20-cv-1608 |

## COMPLAINT AND JURY DEMAND

### NATURE OF ACTION

1. Plaintiff Gwendolyn Spurlock ("Plaintiff") brings this action against Defendants United Auto Credit Corporation ("UACC"), ALS Resolvion, LLC ("ALS"), and Allstar Recovery, LLC. ("Allstar") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Article 9 of the Uniform Commercial Code, La. Stat. 10:9-101 *et seq*.

### JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136

S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.   "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.   "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7.   Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."

*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

8. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

9. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

10. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

11. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

12. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

3

13. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## THE UNIFORM COMMERCIAL CODE

14. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

15. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

16. Louisiana's Uniform Commercial Code provides that upon a consumer's default, secured parties may only take possession of collateral after the debtor's abandonment, or the debtor's surrender to the secured party, of the collateral; with the debtor's consent given after or in contemplation of default; pursuant to judicial process; or as allowed by other law.  La. Stat. § 10:9-609

17. However, if the collateral at issue is a motor vehicle, the Louisiana Additional Default Remedies Act provides secured parties a right to repossess collateral:

4

> Unless otherwise agreed, a secured party has, on default, the right to take possession of the collateral. In taking possession, a secured party may proceed without judicial process if this can be done without a breach of the peace or may proceed by other remedies available by law.

La. Stat. § 6:966(B).

18. However, before a secured party can repossess collateral, it must send the debtor a pre-repossession notice. La. Stat. § 6:966(A)(2).

## PARTIES

19. Plaintiff is a natural person who at all relevant times resided in New Orleans, Louisiana.

20. Defendant, UACC, is a California corporation engaged in the business of purchasing automobile loans.

21. UACC is a "secured party" as defined by La. Stat. § 10:9-102(a)(73).

22. ALS is a Delaware limited liability company.

23. ALS is an entity that at all relevant times was acting as a repossession agents working at the behest of UACC.

24. At all relevant times, ALS was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

25. ALS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. Allstar is an entity that at all relevant times was acting as a repossession agents working at the behest of ALS and UACC.

27. At all relevant times, Allstar was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

28. Allstar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

29. On or about March 4, 2016, Plaintiff purchased a 2008 Jeep Patriot, Limited Edition (the "Vehicle") from non-party Nola Autos, LLC.

30. As part of the transaction Plaintiff executed a Retail installment Sales Contract ("the contract") in Nola Autos's favor.

31. A true and correct copy of the contract is attached hereto as "Exhibit A".

32. As part of the transaction, Nola Autos and its assignees obtained a security agreement in the Vehicle.

33. The Vehicle constitutes "collateral" as defined by La. Stat. § 10:9-102(a)(12).

34. Plaintiff obtained the vehicle for her own personal, family, and household use.

35. The Vehicle constitutes "consumer goods" as defined by La. Stat. § 10:9-102(a)(23).

36. After the sale, the Contract was assigned to UACC.

37. On or before June 8, 2019, UACC hired ALS to Repossess Plaintiff's vehicle.

38. ALS in turn hired Allstar to carry out the actual repossession.

39. On June 8, 2019, Allstar repossessed the Vehicle.

40. Prior to the repossession, UACC did not send Plaintiff the pre-repossession notice required by La. Stat. § 6:966(A)(2).

41. Prior to the repossession, Plaintiff did not abandon the Vehicle.

42. Prior to the repossession, Plaintiff did not surrender the Vehicle to UACC.

43. Prior to the repossession, Plaintiff did not consent to UACC's repossession.

44. Prior to the repossession, UACC did not obtain a court order authorizing the repossession of the Vehicle.

45. At the time Allstar took possession of Plaintiff's vehicle, it had no legal authority to do so.

46. At the time Allstar took possession of Plaintiff's vehicle, UACC had no legal authority to request Allstar to do so.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## ALLSTAR

47. Plaintiff repeats and re-alleges each factual allegation contained above.

48. Allstar had no legal authority to repossess Plaintiff's vehicle or its contents.

49. Allstar violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Plaintiff's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Allstar violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## ALS

50. Plaintiff repeats and re-alleges each factual allegation contained above.

51. Neither ALS nor Allstar had legal authority to repossess Plaintiff's vehicle or its contents.

52. ALS violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Plaintiff's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ALS violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF La. Stat. § 10:9-609
## UACC

53. Plaintiff repeats and re-alleges each factual allegation contained above.

54. Prior to the repossession, UACC did not send Plaintiff the pre-repossession notice required by La. Stat. § 6:966(A)(2).

55. Prior to the repossession, Plaintiff did not abandon the Vehicle.

56. Prior to the repossession, Plaintiff did not surrender the Vehicle to UACC.

57. Prior to the repossession, Plaintiff did not consent to UACC's repossession.

58. Prior to the repossession, UACC did not obtain a court order authorizing the repossession of the Vehicle.

59. UACC violated La. Stat. § 10:9-609 by illegally repossessing the Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that UACC violated La. Stat. § 10:9-609;

b) Awarding Plaintiff damages, pursuant to La. Stat. § 10:9-625;

c) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

d) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

60. Plaintiff is entitled to and hereby demands a trial by jury.

DATED June 3, 2020.

/s/ Katherine Z. Crouch

Katherine Z. Crouch
Crouch Law, LLC
LA State Bar No. 34910
2372 St. Claude Ave. Suite 224
New Orleans, LA 70117
Telephone: (504) 982-6995
Facsimile: (888) 364-5882
Katherine.crouch@crouchlawnola.com

Correspondence address:
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206

Attorneys for Plaintiff